UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RODNEY J. PERRY, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:11-cv-462-TWP-DKL |
| WENDY KNIGHT, Superintendent, PCF/IYC, SETH PADDOCK, Mailroom Supervisor, PCF/IYC, KEVIN MULROONY, Administrative Assistant, PCF/IYC, | ) | |
| Defendants. | ) | |

**Entry Dismissing Specified
Claims and Directing Further Proceedings**

Plaintiff Rodney J. Perry, an inmate at the Plainfield Correctional Facility (PCF), alleges that on or about May 25, 2010, mail addressed to him from the Putnam Circuit and Superior Courts was received at the PCF. Perry did not receive the mail until July 9, 2010, and as a result case number 67D01-0802-PL-0002 was dismissed. Perry asserts that these circumstances violate the Fifth Amendment of the United States Constitution, Art. 1, Sec. 12 of the Constitution of the State of Indiana, and administrative procedures identified as 00-01-102. This action is brought pursuant to 42 U.S.C. § 1983. Perry seeks damages. He has named Superintendent Wendy Knight, Administrative Assistant Kevin Mulroony, and Mailroom Supervisor Seth Paddock.

**I.**

Because Perry is a prisoner, his complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to

relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); A complaint must always . . . allege ›enough facts to state a claim to relief that is plausible on its face.' *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

## II.

Applying the foregoing standard to the complaint the following claims fail to state a claim upon which relief can be granted.

- The **claim asserted under the Indiana Constitution is dismissed.** No such claim can be maintained because there is no private cause of action for damages under the Indiana Constitution. *See Estate of O╾Bryan v. Town of Sellersburg,* 2004 WL 1234215 at *21 (S.D.Ind. May 20, 2004); *Bailey v. Washington Theater Co.,* 34 N.E.2d 17, 19-20 (Ind. 1941). Accordingly, any claim asserted under the Indiana Constitution is dismissed for failure to state a claim upon which relief can be granted.

- The defendants' alleged failure to adhere to an Indiana administrative regulation regarding prison management does not itself support relief under ' 1983 because "42 U.S.C. ' 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations . . . ." *Scott v. Edinburg,* 346

F.3d 752, 760 (7th Cir. 2003). Accordingly, the **claim based on the alleged violation of procedure 00-01-102 is dismissed.**

- The right implicated by the plaintiff's claims is the First Amendment right of access to courts. The right of access to courts is violated only when a prisoner is denied access and suffers actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). There is no occasion to invoke the important but limited protections of due process and equal protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted). Accordingly, **the due process and equal protection claims asserted pursuant to the Fifth Amendment are dismissed.**

- The complaint purports to allege claims against the defendants in both their official and individual capacities. An official-capacity claim is effectively a suit against the governmental entity employing the defendant. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992), *cert. denied*, 508 U.S. 942 (1993). In this case, therefore, an official capacity claim against the defendant individuals as employees of the Indiana Department of Correction would in essence be against the State of Indiana. Such claims are barred by Indiana's Eleventh Amendment immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment). Thus, **any claim**

**for damages against the defendants in their official capacities as employees of the Indiana Department of Correction is dismissed.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

### III.

Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 129 S. Ct. at 1948. The plaintiff shall have **through October 28, 2011,** in which to supplement his complaint with a statement of how, if at all, each of the defendants caused or participated in the constitutional violation alleged.

**IT IS SO ORDERED.**

Date: 10/07/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rodney J. Perry
DOC #890411
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
P.O.Box A
New Castle, IN 47362